## 1913.

EDWIN ROBERT WALKER, ORDINARY.

JOHN R. EMERY, FREDERIC W. STEVENS, EUGENE STEVENSON,
EDMUND B. LEAMING, JAMES E. HOWELL, VIVIAN M.
LEWIS, JOHN H. BACKES AND JOHN GRIFFIN,
VICE-ORDINARIES.

In the matter of the estate of SARA E. R. QUEEN, deceased.

[Submitted December 4th, 1913. Decided December 18th, 1913.]

1. The orphans and surrogate courts being independent judicial tri-
bunals. the orphans court has no jurisdiction to revoke letters of ad-
ministration granted by the surrogate except on appeal.

2. An order of a surrogate granting letters testamentary or of ad-
ministration is a proceeding *in rem*, resulting in a judgment which may
not be impeached collaterally, but can only be attacked on appeal.

3. Where an orphans court refused to admit a paper-writing to pro-
bate as decedent's testament, but did not adjudge that she died intestate,
it did not acquire jurisdiction of her estate, and hence the fact that the
surrogate thereafter granted letters of administration was not objection-
able as an exercise by him of the jurisdiction of the orphans court.

·4. Where intestacy exists, a right to appoint an administrator rests in the surrogate unless because of dispute it is referred by him to the orphans court as provided by Orphans Court act. *3 Comp. Stat. 1910 p. 3822.*

5. On appeal from a decree of the orphans court, the prerogative court will not amend the decree under review so that it would be vulnerable on appeal.

6. Where probate of an alleged will was denied by the orphans court and letters of administration were granted by the surrogate, one having no interest in that will had no interest in the decree denying probate and no standing to ask that such decree be vacated as a necessary step to his attack on letters of administration for want of jurisdiction.

7. A rule that an averment of the petition to vacate a decree denying probate of an alleged will and an order granting letters of administration, that the letters were issued pursuant to the decree of the orphans court denying probate, must be taken as true. does not apply where the averment is contrary to facts of which the court takes judicial notice.

On appeal from the orphans court of Hunterdon county.

*Mr. Adam O. Robbins* and *Mr. Walter L. Sheppard* (of the Philadelphia bar), for the appellant.

*Messrs. Queen & Stout,* for the respondent.

BACKES, VICE-ORDINARY.

This is an appeal from an order of the orphans court of Hunterdon county, dismissing a petition to vacate a decree denying probate of a paper-writing purporting to be the last will and testament of Sara E. R. Queen, deceased, and to set aside letters of administration upon her estate, granted by the surrogate of that county.

The deceased died in Media, Pennsylvania, leaving personal property only. Sylvanus R. Queen, her husband, survived. A paper-writing purporting to be her last will, by which she attempted to bequeath her entire estate to her husband, was offered for probate before the surrogate. who, because of doubts arising upon the face of it, certified the same into the orphans court for adjudication. On the hearing before the orphans court it was made to appear that the decedent's residence at the time of her death was at Mount Pleasant, in Hunterdon county, and it ap-

pearing that the purported will was not executed as required by our statute concerning wills, the court decreed "that the said paper-writing or instrument offered for probate is not 'established as the true last will and testament of the said Sara E. R. Queen, deceased, and that probate thereof is hereby denied, and that the said will is null and of no effect." After the entry of the decree, and on the same day, the husband presented a second petition to the surrogate praying that letters of administration be granted to him, and accordingly an order was made by the surrogate appointing him as such administrator. The present appellant, William C. Alexander, Jr., later petitioned the orphans court to set aside its decree denying probate, and also the grant of administration. In his petition he set up that the deceased at the time of her death was a resident of the State of Pennsylvania; that she executed a testamentary writing, in which he was a beneficiary, provable under the laws of Pennsylvania, but not executed as wills are required to be by the laws of this state (this is not the same paper-writing which was offered for probate) ; that he had knowledge of the probate proceedings, but was induced to acquiesce therein and to make no objection thereto because of a promise made to him by Sylvanus R. Queen that the wishes of the decedent regarding the disposition of her estate would be promptly carried out by him; that this promise has not been redeemed.

Without hearing the merits, the orphans court, upon motion, made an order dismissing the petition on the ground that it was without jurisdiction to revoke letters granted by the surrogate, the order reciting that "the petitioner having admitted in open court that this was the object of the.prayer of the said petition." From this order this appeal was taken.

1. That the orphans court and the surrogate's court are independent judicial tribunals, and that the orphans court has not jurisdiction to revoke letters of administration granted by the surrogate, except in the manner prescribed by statute, upon appeal, is settled by numerous authorities. *Quidort's Administrator* v. *Pergeaux, 18 N. J. Eq. (3 C. E. Gr.) 472; Ryno's Executor* v. *Ryno's Administrator, 27 N. J. Eq. (12 C. E. Gr.) 522; In re Evans, 29 N. J. Eq. (2 Stew.) 571; Straub's Case, 49 N. J. Eq. (4 Dick.) 264; affirmed, 50 N. J. Eq. (5 Dick.) 795;*

*Murray* v. *Lynch, 64 N. J. Eq. (19 Dick.) 290; affirmed, 65 N. J. Eq. (20 Dick.) 399.* A grant of letters testamentary (or of administration) by a surrogate is a proceeding *in rem*, resulting in a judgment which may not be impeached collaterally, and can only be attacked by appeal. *Quidort's Administrator* v. *Pergeaux, supra.*

2. The contention is that the letters of administration were issued out of the orphans court by the surrogate, as its clerk, pursuant to the order denying probate, and that inasmuch as the decedent was not a resident of this state, the court was without jurisdiction, and having been imposed upon by false testimony in this respect, it should vacate its decree denying probate, and revoke the letters of administration. The decree denying probate is silent as to the grant of administration. The surrogate, in his judicial capacity, made the order upon which the letters issued. It is claimed that this order is a nullity; that the decree of the orphans court was an adjudication of the existence of the New Jersey residence of the testatrix; that the orphans court declared an intestacy and acquired absolute jurisdiction to administer the estate; that an order appointing the administrator is implied in the decree and that this court, on appeal, should amend it to include the appointment; the argument being that the surrogate, as a court, was stripped of all authority when he certified the matter of probate into the orphans court and that all subsequent acts by him, although in his name as surrogate, were done as the clerk of the orphans court. And these things we are asked to import into the decree, so as to situate the appellant that he may by indirection do that which by direction is impossible—destroy the administrator. The proposition has neither premise or logic nor merit. The orphans court, in refusing to admit to probate the paper-writing as the testament of the deceased, did not adjudge that she died intestate, nor did it thereby acquire jurisdiction of her estate. All that the court was called upon to decide (jurisdiction being assumed) was whether the paper-writing offered was the last will and testament of Sara E. R. Queen, deceased, and upon rejecting it as such, its office terminated. If, thereafter, another will, regular in form, concerning which there was no dispute, had been submitted for probate, it would have been the duty of the

surrogate to pass judgment. *Murray* v. *Lynch, supra.* Undoubtedly, when a disputed will is probated, the orphans court is clothed with power to appoint a representative to execute the trust. *In re Jolly, 5 N. J. Eq. (1 Halst.) 456; Mundy, v. Mundy, 15 N. J. Eq. (2 McCart.) 290; In re McElwaine, 18 N. J. Eq. (3 C. E. Gr.) 499; Slocum v. Grandin, 38 N. J. Eq. (11 Stew.) 485; In re Booraem, 55 N. J. Eq. (10 Dick.) 759.* But when there is no probate there can be no trust, and there being an intestacy the right to appoint an administrator rests in the surrogate unless, because of dispute, it is referred by him to the orphans court, as required by the statute. Orphans Court act (*3 Comp. Stat. p. 3822*) ; *Plume* v. *Howard Savings Institution, 46 N. J. Law (17 Vr.) 211.* The principle of *Russell's Case, 64 N. J. Eq. (19 Dick.) 313,* is illustrative. The situation when the orphans court declined probate, in so far as any other will or the estate of the deceased was concerned, was as if the proceedings were not had.

3. The proposition that an appellate court will amend the decree under review so that it may be vulnerable on appeal, is anomalous. *Furman* v. *Furman, 45 N. J. Eq. (18 Stew.) 744; 47 N. J. Eq. (2 Dick.) 307,* is cited. The power of amendment conferred by section 195 of the Orphans Court act (*Comp. Stat. p. 3884*) was under consideration and a recital from the deliverance of Vice-Ordinary Van Fleet, read in conjunction with the opinion of the court of errors and appeals, at once points out the inapplicability of the doctrine thus laid down. Vice-Ordinary Van Fleet said: "The counsel of the respondent insists that this court should, in virtue of the power conferred by this statute, make the ascertainment which the orphans court ought to have made, and then amend the order brought up, and after it has thus been made perfect, pronounce a judgment of affirmance. To adopt this course would, I think, be putting the statute to a use never contemplated by the legislature." Mr. Justice Dixon, reading the opinion of the court of errors and appeals, said: "It is the rule and practice in all our appellate tribunals when the judgment, order or decree appealed from is erroneous, and the record legally discloses what judgment, order or decree should have been rendered, to direct such judgment,

order or decree to be entered, according to the right and justice of the case."

4. It is further urged that if it should be held that the grant of letters of administration by the surrogate was the act of his own court, nevertheless the appellant is entitled to have the decree voided, as a necessary step in his attack upon the invalid grant of letters. This I cannot accept. Whether the adjudgment of jurisdiction was erroneous or imposed by fraud, is now of no moment. The appellant was not aggrieved by the rejection of the paper-writing. He was not interested, and consequently had no standing to ask the orphans court to vacate its decree for want of jurisdiction.

5. The technical point was made that the averment in the petition, that the letters of administration "were issued pursuant to the decree of the orphans court denying probate," must be taken as true on a motion to dismiss. This, undoubtedly, is the general rule, but it has no application to instances were the averment runs counter to facts of which the court takes judicial notice. *Dan. Ch. Pr. 546.* Courts, of course, take notice of their own files.

The appeal will be dismissed, with costs.