LUDINGTON DEVELOPMENT COMPANY, complainant,

*v.*

HARRY J. BOGASH et al., defendants.

[Decided April 26th, 1926.]

Process—Service on Non-residents—Service by Publication—Defendants Appear to Move to Set Vacate Order for Publication on the Ground That it was Improvidently Entered, the Case Being in Personam, Not in Rem—Motion Will be Denied—Whether Defendants' Action, Under All the Circumstances, Constitutes a General or Special Appearance, Not Now Before the Court.

On motion to set aside order of publication.

*Messrs. Wescott & Varbalow,* for the motion.

*Messrs. Bleakly, Stockwell & Burling, contra.*

BUCHANAN, V. C.

The suit is of the class known as suits for specific performance, complainant, as vendee under contract of sale, seeking to acquire the legal title to the premises comprised in the contract, which are located in this state.

The defendants Bogash and Golden, who make the present motion, are grantees subsequent to the contract. They are non-residents of New Jersey, and have not been served with process in this state. An order of publication was made against them, and notice of such order was served upon them personally in the State of Pennsylvania, in conformity to the terms of the order of publication and the statutes and practice in that behalf for service · upon non-resident defendants.

The motion, and the notice thereof, constitute the only appearance made by these defendants in the suit. In the

notice and the motion they specifically limit their appearance, or attempt so to do, as "special" and "solely for the purpose of attacking the validity of the proceedings relative to the order of publication, and not appearing generally."

The motion is to vacate the order of publication (and set aside the proof of service thereof) on the ground that it was improvidently entered, because the cause of the action set up in the bill of complaint is one *in personam* and not *in rem*.

No leave was obtained by these defendants from this court permitting them to make such special and limited appearance. Complainant argues that the motion should, for that reason, be denied, unless the appearance is to be deemed (by reason of the failure to obtain leave for special appearance) a general appearance, constituting a complete submission by the defendants to the jurisdiction of this court.

As an alternative to this proposition, complainant suggests that the present motion 'may be deemed an application for leave to appear specially, and that the application should be granted only on condition that the defendant consent that if the motion, for which they are given leave to appear specially, be decided against them, their appearance shall be deemed and taken to be a general appearance and complete submission to the jurisdiction.

With regard to this last proposition, it is sufficient to say that the defendants have not asked, and are not asking, leave to appear specially. They have appeared, and their motion is to set aside the order of publication and the proof of service.

That motion must be denied. Non-resident defendants cannot object to the entry of an order of publication. *Kirkpatrick* v. *Post, 53 N. J. Eq. 591; affirmed, Ibid. 641.* Nor can it be seen that they have any better right or standing to object to the filing of proofs that such order has been complied with.

Since the motion must be denied for the reason just stated, it is not necessary to consider whether or not the fact that defendants have appeared specially, without having

first obtained leave so to do, would, of itself, require denial of their motion.

Whether or not the action which defendants have, in fact, taken, constitutes under all the circumstances a general appearance, is a question not now before the court.