JOSEPHINE WARKER, complainant-appellant,

*v.*

FRANK N. WARKER et al., defendants-respondents.

[Submitted February term, 1931. Decided October 19th, 1931.]

*Mr. James J. Murphy,* for the appellant.

*Mr. George D. Hendrickson, Mr. David A. Nimmo* and *Messrs. Insley, Vreeland & Decker,* for the respondents.

The opinion of the court was delivered by

CAMPBELL, J.

The action was instituted by Josephine Warker, a lady of eighty years of age, to compel her cousin and his wife to reconvey to her certain lands and personal property constituting her entire estate and which had been conveyed by her to them without consideration. Shortly after the bill was filed the

lands were reconveyed to the complainant and the parties appeared to have become reconciled. The complainant thereupon applied to the court of chancery for an order dismissing her bill. Her solicitor took the position that he would neither consent or object to such an order but very properly placed himself in the position that his action would be controlled entirely by the orders and directions of the court.

The application to dismiss was denied by the court below (*102 N. J. Eq. 382*), and such action affirmed by this court (*103 N. J. Eq. 379*).

Thereupon the cause was proceeded with to final hearing resulting in a decree dismissing the bill. An allowance of $2,500 was made to the solicitor of the complainant by the court below to be paid out of her estate and also an allowance of $500 to a receiver *pendente lite,* who had been appointed and who had acted as far as could be in recovering and conserving the personal estate of the complainant below.

From that part of such decree making such allowances an appeal has been taken.

The amounts of the allowances are not in question but simply the right of the court below to make them.

We think that the portion of the decree appealed from must be affirmed and in reaching this conclusion we are not concerned with or basing our conclusion upon the Attorneys' Lien act (*P. L. 1914 p. 410*), or section 91 of the Chancery act (*1 Comp. Stat. p. 445*), or any other statutory authority, but upon the fundamental and inherent right of the court of chancery to compensate such persons as are by its proper orders and decrees made officers and arms of the court, for such were both the solicitor of the complainant and the receiver.

Undoubtedly counsel fees are to be likened unto costs, the right to award which is based directly, or indirectly, upon statutes.

However, there are certain classes of causes over which courts of equity take particular cognizance and control and in which that court is peculiarly and jealously concerned with the protection of the property of certain classes of individuals.

In *United States* v. *Equitable Trust Co., 283 U. S. 738,* it is held: "It is a general rule in courts of equity that a trust fund which has been recovered or preserved through their intervention may be charged with the costs and expenses, including reasonable attorney's fees, incurred in that behalf; and this rule is deemed specially applicable where the fund belongs to an infant or incompetent who is represented in the litigation by a next friend. 'Such rule of practice,' it has been said, 'is absolutely essential to the safety and security of a large number of persons who are entitled to the protection of the law—indeed stand most in need of it—but who are incompetent to know when they are wronged or to ask for protection or redress.' "

The foregoing finding was in the case of a proceeding by the next friend of an incompetent Creek Indian to recover and preserve a trust fund belonging to him.

Among the authorities cited in support thereof are *Voorhees* v. *Polhemus, 36 N. J. Eq. 456, 458,* and *Dan. Ch. Pl. & Pr. (6 Am. Ed.)* §§ *69, 79.*

*Voorhees* v. *Polhemus, supra,* was an action brought by a next friend of a drunkard, to preserve and protect his estate. Allowance was there made to the next friend for his costs and expenses in and about the proceeding although the action failed. The court said: "The question then to be decided on this application is, did the next friend in this case act in good faith, with reasonable caution, and with a view to protect the interests of the person in whose behalf he brought the suit?"

To the same effect and purport are sections 69 and 79 of *Dan. Ch. Pl. & Pr., supra,* the text there being devoted to causes of infants.

But it is perfectly apparent that a gift or transfer of all the property of an aged and infirm person to another who stands in a relation of trust and confidence with the grantor or donor is revocable if the grantor or donor acts without independent and competent advice and such an estate is as much the concern of, and as fully protected by, the court of

chancery as the estates of infants and incompetents. *Slack v. Rees, 66 N. J. Eq. 447.*

In the case before us both the solicitor of the complainant and the receiver acted for the complainant with less risk and responsibility than a next friend because neither acted upon his own judgment but by order of the court.

The decree appealed from will be affirmed, with costs.

*For reversal*—None.