MICHAEL EUFEMIO, complainant,

*v.*

PATRICK J. McKEOWN, defendant.

[Decided April 13th, 1932.]

*Messrs. Schlosstein & Turkel,* for the complainant.

*Messrs. Breslin & Breslin,* for the defendant.

BIGELOW, V. C.

This is a proceeding for the dissolution of a partnership and distribution of assets among creditors and others entitled thereto as prescribed by chapter 206 of the laws of 1919. The court appointed a receiver who has converted the assets into cash and made his final report praying instructions for distribution of the fund. The amount realized from the assets is sufficient to pay only a small dividend on the partnership debts. Counsel for the two partners, the complainant and the defendant in the cause, each apply for a counsel fee out of the fund in the receiver's hands.

As a general rule, counsel fees like costs are awarded to litigants and not to counsel themselves. Process to enforce the award must issue in the name of a party; only a party can appeal from an order granting or denying counsel fees. Presumably counsel, when he accepts employment in a case, makes a satisfactory arrangement with his client for compensation, and to his client he looks for his fee. The purpose of the court in allowing counsel fees is to reimburse or indemnify the party for some of the expense of the litigation. When such an application is made to the court, the question is not whether counsel should be paid but whether his client should be permitted to charge the expense against some other party to the suit or against some fund under the control of the court.

*Warker* v. *Warker, 109 N. J. Eq. 106; 156 Atl. Rep. 647,* dealt with an unusual situation. Counsel for complainant prosecuted the suit under order of the court and by the court was allowed a fee out of complainant's estate and against her protest. Counsel acted as the officer and arm of the court and so was able to look to the court to obtain compensation. In a similar category are counsel for infants and incompetents. Their clients cannot make a valid agreement to pay them and so the court frequently provides for their compensation out of a fund within the court's control.

In the present case, neither complainant nor defendant asks that the opposite party be directed to pay him a counsel fee, but both ask that it be paid out of the fund, the pro-

ceeds of the partnership assets. This fund belongs primarily to the creditors and even after the entire fund is distributed among them, the partners will remain indebted in a large sum to the creditors. It is obvious that the partners should not be permitted to reimburse themselves for their expenses out of this fund to the disadvantage of their creditors. Therefore the application for counsel fees, so far as it relates to services rendered primarily to the parties in the cause, will be denied. Counsel say that they have not, in fact, been paid for their services and that their clients are insolvent and will be unable to pay them. This is unfortunate, but it is not a reason which should move the court to grant the application.

There is, however, another aspect of the cast which will permit the court to award a small fee to counsel for complainant. The statute under which this proceeding has been conducted contemplates that a member of an insolvent partnership may file a bill of which the ultimate end is the distribution of the assets among the creditors. Such a bill is filed for the benefit of creditors and so compensation may be allowed as against creditors for counsel's services in drawing the bill. "Where the services of counsel are for the advantage of all concerned, it is the common practice to compensate him out of the funds of the estate." *In re Queen, 82 N. J. Eq. 588; 89 Atl. Rep. 290.* This equity is recognized by chancery rule 111g, which provides when a receiver has been appointed for a partnership, that the court may allow as compensation to the complainant's solicitor "a reasonable fee for services to complainant in filing the bill if the court shall think such an allowance should be made." The amount allowed in the present case should not be full compensation for drawing the bill, since a large part of the bill is devoted to controversies between the partners and cannot be considered as in the interest of creditors. In fixing the sum, I bear in mind that I am not spending my own money but a fund belonging to the beneficiaries of a trust, the creditors of the partnership. With their money I cannot be liberal. I will advise a fee of $100.

Both counsel urge that after the appointment of the re-

ceiver, they co-operated with him in the settlement of the estate and performed services of value to the creditors. For these services, they cannot be paid out of the fund in court. They were mere volunteers. The receiver is a lawyer of ability and did not need or seek the legal advice of counsel for the two litigants. *Unger* v. *Newlin Haines Co., 95 N. J. Eq. 16; 122 Atl. Rep. 114; In re New Jersey Refrigerating Co., 99 N. J. Eq. 155; 133 Atl. Rep. 183.*

The application of defendant and his counsel will be denied and the application on behalf of complainant will be allowed in the sum of $100.