Charles Wiener and Sons, Incorporated, a creditor of Adaline Wainwright, deceased, made application as such creditor for letters of administration on her estate. It was appointed administrator by the surrogate of Monmouth county and obtained authority from the Monmouth county orphans court to sell lands of the estate for the payment of debts. It entered into a written agreement with the defendant for the sale of certain premises of which Adaline Wainwright had died seized. Subsequently, by order of the Monmouth county orphans court, said contract of sale was confirmed and the administrator was directed to execute a good and sufficient conveyance in law to Fischer upon his complying with the conditions of the sale. *Page 388 
Upon the refusal of Fischer to take title and pay the purchase money, complainant instituted this suit for specific performance of the agreement. The defendant filed an answer in lieu of plea alleging that the complainant is without power to prosecute this suit on behalf of the estate of Adaline Wainwright, for the reason that it is a corporation organized under the General Corporation act, is without power under its charter or under the laws of this state to act in a fiduciary capacity or as the legal representative of any deceased person; and that it is not the legal representative of the said Adaline Wainwright duly appointed and qualified to act as such. The cause is now before the court on motion to strike the answer in lieu of plea upon the ground that it presents no defense to the bill of complaint.
In support of his answer in lieu of plea, the defendant relies upon section 2 of the General Corporation act (2 Comp. Stat. p.1599), which provides that a corporation can exercise only the specific powers granted by its charter and the implied powers thereunder. He further says that there is no specific power in complainant's charter nor does it have any implied power to act in a fiduciary capacity. It is also said that the act concerning trust companies (Comp. Stat. p. 5644) prohibits any corporation except such corporation as is chartered under that act from acting as trustee, executor or administrator. For the complainant it is said that the surrogate had ample authority under the Orphans Court act to appoint complainant, or any other creditor of the decedent, administrator of the estate.
The disposition of the present motion does not require any interpretation of allegedly conflicting statutory law; for at the outset it may be said that the acts of the surrogate cannot be impeached collaterally. The issuance of letters of administration constitutes the person to whom they are issued the administrator, whether such letters be rightfully or wrongfully granted; and the appointment cannot be inquired into in a collateral proceeding.Quidort's Administrator v. Pergeaux, 18 N.J. Eq. 472. This rule was approved and followed by the court of errors and appeals in Ryno's Executor *Page 389 
v. Ryno's Administrator, 27 N.J. Eq. 522, in this language:
"So universal and well settled in its application is this principle, that it has been decided that payments of money by an executor upon probate of a forged will, is a discharge to the debtor of the decedent, notwithstanding the probate be afterwards declared void and administration be granted to the intestate's next of kin, for if the executor had brought an action against the debtor, the latter could not have controverted the title of the executor so long as the probate was unrepealed, and the debtor was not obliged to wait for suit when no defense could be made against it. Allen v. Dundas, 3 T.R. 125; Peeble's Case,15 Serg. Rawle 42."
That language is peculiarly applicable to the present controversy, wherein the defendant is seeking to controvert the right of the complainant to act as administrator. Vice-Ordinary Backes said in In re Queen, 82 N.J. Eq. 583, that a grant of letters testamentary or of administration by a surrogate "is a proceeding in rem resulting in a judgment which may not be impeached collaterally, but can only be attacked by appeal." And in Plume v. Howard Savings Institution, 46 N.J. Law 211, where a defendant being sued by an administrator attacked the validity of the letters of administration, it was said by Chief-Justice Beasley "that a conclusive efficacy should be given to letters of administration by whatever tribunal issued, so far as merely collateral impeachment is concerned, is a plain dictate of sound public policy." So, also, in Ordinary v. Webb,112 N.J. Law 395, where the court of errors and appeals quoted with approval the language of the Plume Case.
It results that the answer in lieu of plea must be stricken. *Page 390