JOHN S. POCH AND ELIZABETH M. POCH, HIS WIFE, PLAINTIFFS, v. RAY W. HAAG AND JOAN M. HAAG, DEFENDANTS, AND ABRAHAM NATOVITZ, AS RE-CEIVER OF NEW CHESTER DINER, INC., DEFENDANT-RESPONDENT.

ANN WILKIN TROMBADORE, JACK TROMBADORE AND RAYMOND R. TROMBADORE, CO-PARTNERS, RESPON-DENTS, PRO SE, AND DAVID M. BECKERMAN AND S. M. CHRIS FRANZBLAU, CO-PARTNERS, APPELLANTS, PRO SE.

Superior Court of New Jersey
Appellate Division

Argued February 11, 1969—Decided March 7, 1969.

46

Before Judges CONFORD, KILKENNY and LEONARD.

*Mr. David M. Beckerman* argued the cause for appellants *pro se* (*Messrs. Beckerman and Franzblau,* attorneys and appellants, *pro se*).

*Mr. Raymond R. Trombadore* argued the cause for respondents (*Messrs. Trombadore & Trombadore,* attorneys).

PER CURIAM. The law firm of Beckerman and Franzblau ("Beckerman") appeals *pro se* from an order of the Chancery Division in statutory receivership proceedings awarding the attorneys for the plaintiffs a counsel fee of $2,500 for services in connection with the filing of the complaint and up to the appointment of the receiver, and denying Beckerman any counsel fee for services to the corporation and the defendants in resisting the proceedings. Beckerman is also a creditor of the corporation on a claim for previous services to it, allowed by the receiver to the extent of $1,250.

Considering first the appeal from denial of the counsel fee to appellant, it is doubtful whether this can be maintained by the attorneys *pro se,* the right being ordinarily considered to reside in the client, not the attorney. *In re Katz' Estate,* 40 *N. J. Super.* 103, 106 (*Ch. Div.* 1956); *Eufemio v. McKeown,* 10 *N. J. Misc.* 549, 550; 159 *A.* 796 (*Ch.* 1932). But passing that matter, we are not persuaded by anything in this record that the services in question had such value to the corporate creditors as to warrant our holding that the trial judge exercised his discretion mistakenly in denying any fee.

A more substantial point is raised in connection with the objection to the allowance granted the attorneys for plaintiffs. The latter expressly disclaim any right to fee

for services rendered after the appointment of the receiver. It has been held that counsel fees may be allowed for the bringing of the proceedings resulting in the appointment of the receiver, notwithstanding *R. R.* 4:68–6, which precludes an allowance to a plaintiff's attorney except where he is appointed by the court as counsel for the receiver. The cases go on the theory that the prohibition in the rule has in mind only services rendered after the receiver is appointed, *Laudan v. ABC Travel System, Inc.*, 64 *N. J. Super.* 204, 209, 210 (*Ch. Div.* 1960); *Newark Steel, etc. v. Pearl Metal Products, Inc.*, 78 *N. J. Super.* 335, 348 (*Ch. Div.* 1962). The rationale is that if the bringing of the action has benefited creditors of the corporate estate they equitably should compensate such attorneys out of the fund. *Ibid.*, 64 *N. J. Super.*, at p. 210; 78 *N. J. Super.*, at p. 348. We agree.

At the same time, however, the courts have distinguished between the effect of the attorney's services in redounding to the benefit of their clients, as individual stockholders or officers of the corporation, and as benefiting the creditors of the corporation at large. *Eufemio v. McKeown, supra* (10 *N. J. Misc.*, at p. 551). The counsel fee must relate only to the latter aspect of the services and is generally set at a nominal or moderate sum. *Ibid.; Laudan v. ABC Travel System, Inc., supra,* at p. 210; *Newark Steel, etc. v. Pearl Metal Products, Inc., supra,* at p. 348.

Our examination of the affidavit detailing the services rendered by plaintiffs' attorneys and for which a fee was claimed and apparently allowed below, discloses that a very substantial proportion of the services claimed for were rendered for the plaintiffs, individually, as stockholders, officers and employees of the corporation, as distinguished from such services as pertained to preparation for and filing of the complaint. In the former aspect the attorneys should look to their clients, not the fund in court, for compensation.

On the basis of the foregoing considerations, the counsel fee awarded the attorneys for plaintiffs is reduced to $1,250 plus one-half of their taxed costs below.

■ In view of the benefit to the creditors' fund rendered by the Beckerman firm in securing a reduction of plaintiffs' counsel fee, it is allowed a counsel fee of $150 plus its actual disbursements attendant upon the litigation below and on appeal. No other costs to either side.