180 N.J. Super. 164 (1981)
434 A.2d 614
BETSY C. MAYER, PLAINTIFF-RESPONDENT,
v.
MARTIN C. MAYER, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued March 23, 1981.
Decided July 14, 1981.
*165 Before Judges ALLCORN, PRESSLER and FURMAN.
Stephen N. Dratch argued the cause for the appellant (Greenberg, Margolis & Ziegler, attorneys).
Francis W. Donahue argued the cause for the respondent (Skoloff & Wolfe, attorneys).
Donald M. Legow argued the cause for the Estate of Betsy C. Mayer.
PER CURIAM.
By the plain terms of R. 4:42-9(b), the allowance of counsel fees to the wife in a matrimonial action may be considered only where the application is supported "by an affidavit stating in detail [1] the nature of the services rendered, [2] the amount of the estate or fund, if any, [3] the responsibility assumed, [4] the results obtained, [5] the amount of time spent by the attorney, *166 [6] any particular novelty or difficulty, [7] the time spent and services rendered by paraprofessionals, [8] other factors pertinent in the evaluation of the services rendered, [9] ... the amount of the allowance applied for, and [10] an itemization of disbursements for which reimbursement is sought." In making a determination as to whether an allowance should be granted, the court must "focus on several factors, including the wife's need, the husband's financial ability to pay and the wife's good faith in instituting or defending the action." Williams v. Williams, 59 N.J. 229, 233 (1971).
In the present case, the trial judge initially allowed plaintiff the sum of $12,317.50 as a counsel fee, the sum of $7,589.50 as an accountant's fee, and the sum of $2,000 as a real estate appraiser's fee. Mayer v. Mayer, 150 N.J. Super. 556, 568 (Ch.Div. 1977). Although the aggregate of the sums allowed amounted to $21,907, the trial judge seemingly granted the allowances in the first instance simply upon the mere assertion of a claim by counsel contained in a written summation submitted at the request of the court at the close of the trial. It was there stated:
In addition, application is made on behalf of the wife for the husband to pay for the fees and expenses of the wife incurred by her in this matrimonial action. The wife retained the services of Skoloff & Wolfe, P.A., as her attorneys, of the J.H. Cohen & Company as her accountants, and of Bertram R. Brown as the real estate appraiser who appraised the various real estate items involved in this matter. The bill of Bertram R. Brown enclosed ... is in the amount of $2,000.00. The bill of Gordon Asnis enclosed ... is in the amount of $7,589.00. The bill of Skoloff & Wolfe, P.A., enclosed ... for services rendered is in the amount of $12,317.50, no part of which has been paid to date. We enclose herein ... a copy of our retainer agreement....
From the record before us, it does not appear that this "application" was accompanied by any supporting affidavit or certification as required by R. 4:42-9(b)  although counsel apparently did submit to the court copies of the office time records.
Be this as it may, when the omission was called to the attention of the trial judge, he executed an order, dated July 22, 1977, directing that the judgment of divorce "insofar as it provides for counsel fees and accountant's fees, shall not be a final judgment, and will be reconsidered unless Certifications or *167 Affidavits of Services had been filed prior to entry of the Judgment of Divorce and appropriately served upon counsel for the defendant." Subsequently, counsel for plaintiff served and filed a "certification of services rendered," dated November 1, 1977, covering the period "September 11, 1975 until June 1, 1977." In pertinent part, the certification set forth:
... I was retained by Betsy Mayer ... and a substitution of attorney was filed on November 14, 1975. The firm's representation of Mrs. Mayer has continued from then until now.
3. Attached ... is a copy of the retainer agreement ... indicating a retainer of $3,000 ... against an hourly rate of $125 for myself and $75 for any associate ... the minimal fee would be $3,000 in the event of an early settlement....
........
8. Attached hereto ... are photocopies of all time records maintained in the office from the date that I took over the file, September 11, 1975, until June 11, 1977, which is the date we concluded the case....
9. The time sheets clearly indicate that the firm has devoted the following time to the case....
........
There follows a summary and breakdown of the total time expended according to the time sheets, separated into four categories: (1) office conferences with client; (2) telephone conferences with client, experts and adversaries; (3) court appearances, and (4) miscellaneous. The summary includes by totaling the time spent by the partner and by the associates, and arrives at the aggregate sum claimed for services by multiplying the total hours devoted by the partner and by the associates by the hourly rates of $125 and $75, respectively (fixed in the retainer agreement with the wife), for a grand total of 121.2 hours and a counsel fee of $12,395.
Apart from the circumstance that nowhere are these time records expressly certified to be a true and accurate record of the time actually expended and the services performed, the supporting time sheets are anything but adequate. For example, even where legible and understandable, in many instances there is little or nothing to indicate the subject matter of the various office conferences and telephone conferences. Nor is there any indication on the photocopies supplied, as to which *168 person, partner or associate handled each individual item of work.
Despite the filing of a counter-certification by defendant in which he challenged the nature of certain of the services claimed as legal services necessary to the prosecution of the litigation, the extent of certain of the services (e.g., a charge for 2 1/2 hours for services for some other client) and the reasonableness of various of the charges, the trial judge ultimately found that the certification of plaintiff's counsel did "comply with R. 4:42-9(b)," and stated that "the court is convinced that its prior ruling [as to the fees allowed] was correct."
At the same time, the judge considered and allowed a request by counsel for plaintiff for a supplementary allowance for services rendered and costs incurred for the period from June 1, 1977 to December 13, 1977. Again, there is little question as to the noncompliance with R. 4:42-9(b) of the certification filed in support of the request for the supplemental allowance. It does not set forth in detail or itemize the nature and extent of the services performed; it consists merely of general summaries (a "recapitulation") of the total time expended for "telephone calls," "appearances," "pleadings," and "review and preparation." Nevertheless, the judge approved the application and awarded the full amount of the supplemental allowance requested. The time spent by counsel amounted to 39.2 hours; the amount sought and allowed was $3,925  representing a rate of $100 an hour  even though the partner's time expended did not exceed 2.7 hours.
The trial judge also confirmed the allowance he theretofore had made for the accounting services and the appraisal services supplied to plaintiff  without regard to the failure of plaintiff to furnish any evidence of the precise nature and the extent, as well as the necessity of the accounting and appraisal services assertedly rendered by each expert, or the rates by which the value of the services were calculated.
We take occasion to note, in passing, that the engagement and retention of these experts was done ex parte by *169 plaintiff. In our view, the better practice would have been for plaintiff to first make application to the trial court, on notice to the adversary, and, upon a showing of the necessity for such expert services, for the court then to designate the experts to be retained  if possible from among persons acceptable to both sides, whose rates of compensation are likewise satisfactory to both parties. Cf. Rothman v. Rothman, 65 N.J. 219, 233 (1974); Schluter v. Shluter, 23 N.J. Super. 409, 417-418 (App.Div. 1952), certif. den. 11 N.J. 583 (1953).
In the light of the foregoing, it is our conviction that defendant should have been afforded the plenary hearing that was requested, so as to enable him to challenge and to test the various items contained in the certifications by counsel filed in support of the two applications for counsel fees, and to enable him to test and to challenge the bill of each of the experts by requiring each to detail the precise nature of all of the services rendered by him, the time spent and the rate or rates of compensation charged  including the right to introduce evidence in challenge to the reasonableness of the rates charged by said experts, the necessity for any part of the services performed, the time expended, etc.
Fundamentally, where the wife, by virtue of her need, seeks to compel the husband to pay all or part of her counsel fees, it is necessarily implicit that there may be allowed only such fees as represent reasonable compensation for such legal services performed as were reasonably necessary in the prosecution or defense of the litigation. See Kish Estate, 52 N.J. 454, 472 (1968). The fee should not be fixed by simply taking the total time assertedly expended by counsel, without critical review and examination of the nature and extent of the services, and multiplying the total number of hours by the charges fixed in a retainer agreement made between the wife and her attorney  to which charges the husband never consented or agreed. Cf. Swanson v. Swanson, 48 Ohio App.2d 85, 355 N.E.2d 894, 899 (1976).
*170 Moreover, we believe that the services encompassing the conferences (personal and telephonic) with plaintiff-client  aggregating approximately 30% (almost one-third) of the total time billed under the first application  should be scrutinized most carefully, both as to the time actually consumed and their reasonable necessity vis-a-vis the performance of legal services. As has been so aptly stated:
There comes a time when counsel is obligated to limit such conferences or accept the fact that he cannot always expect full remuneration for the time so consumed. This is particularly true in divorce actions. Some litigants will virtually take over counsel's office and absorb most of his time if permitted by counsel to do so.
[DeWitt v. DeWitt, 86 S.D. 59, 64, 191 N.W.2d 177, 180 (1971)].
In the circumstances here present, we concur with the ruling of the trial judge, that the intervening death of plaintiff does not affect the liability of defendant for any of said counsel fees and costs as may be determined to be payable by him. Williams v. Williams, 59 N.J. 229 (1971).
Accordingly, so much of the judgment of the Chancery Division of July 20, 1979 as grants the counsel fees and experts fees hereby is reversed, and the cause is remanded for a plenary hearing, findings and a determination of the fees to be allowed, in accordance with this opinion.