286 N.J. Super. 58 (1995)
668 A.2d 84
NINA ROSENBERG, PLAINTIFF,
v.
IRA ROSENBERG, DEFENDANT. ROSE & DEFUCCIO, ESQS., PLAINTIFF-APPELLANT,
v.
NINA ROSENBERG, DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Submitted October 18, 1995.
Decided December 15, 1995.
*60 Before Judges KING, LANDAU and KLEINER.
Rose & DeFuccio, attorneys for appellant (Lorraine R. Breitman, on the letter brief).
Respondent Nina Rosenberg filed a pro se brief.
The opinion of the court was delivered by KLEINER, J.A.D.
In this appeal brought by plaintiff Rose & DeFuccio, Esqs. (Rose)[1], a Bergen County law firm, we shall review the relationship of R. 4:42-9(a)(1) and N.J.S.A. 2A:34-23, which permit an award of counsel fees in a family action, to the independent right *61 of attorneys to sue a former client for breach of the client's contractual obligations delineated within a fee retainer agreement. Although the issue raised by this appeal was discussed in Cohen v. Cohen, 146 N.J. Super. 330, 369 A.2d 970 (App.Div. 1977), our decision expands Cohen and limits the scope of our subsequent decision in Argila v. Argila, 256 N.J. Super. 484, 607 A.2d 675 (App.Div. 1992).
On February 22, 1990, Nina Rosenberg, a resident of Essex County, retained Rose to represent her in a matrimonial action against her husband defendant Ira Rosenberg, an attorney and partner in a prominent Essex County law firm. The terms of that attorney-client relationship were delineated in a written retainer agreement. It is undisputed that the matrimonial litigation was acrimonious, encompassing five contested pretrial motions and four cross-motions that required four separate court appearances. Counsel appeared before the Early Settlement Panel of Essex County and thereafter the matter was scheduled for trial. The trial lasted thirteen days and upon its conclusion the trial judge requested written summations. After the trial judge issued his written opinion, Nina Rosenberg requested that Rose file a post-judgment motion for reconsideration.
As a component of the trial judge's initial opinion, Nina Rosenberg was deemed entitled to an award of counsel fees pursuant to R. 4:42-9(a)(1). Rose submitted a certification of services rendered and sought an award of $130,957.77, representing both services actually rendered by it computed on a time basis and costs expended in pursuing the litigation. The trial court, after reviewing Rose's certification of legal services and the opposing certification filed by defendant Ira Rosenberg, concluded that the reasonable fees incurred by Nina Rosenberg were $60,000. The trial judge then concluded that defendant Ira Rosenberg would be responsible to reimburse his former wife $54,000. That sum was in fact paid. Rose then billed Nina Rosenberg $76,957.77, the amount of the total bill less the amount paid by Ira Rosenberg. Rose contends that the bill was ignored. On June 10, 1993, Rose *62 again requested payment from its former client and advised her that she had the right to fee arbitration. The firm further advised Rosenberg that if she did not choose arbitration within the time allotted by R. 1:20A-3, it would commence legal action.
On July 21, 1993, Rose commenced suit in the Law Division of Bergen County, docket number BER-L-7264-93, to recover the unpaid legal fees. Nina Rosenberg filed an answer and counterclaim and a demand for trial by jury. In her counterclaim, Rosenberg asserted that she had paid $11,100 in fees to Rose, resulting in an overpayment to Rose of $5,100. Rosenberg insisted that she owed Rose only $6,000, the trial court's assessment of reasonable fees less the amount paid by Ira Rosenberg. Rosenberg simultaneously (October 26, 1993) filed a motion in Bergen County to consolidate the Law Division contract action with the matrimonial action that had previously been heard in Essex County.[2]
On November 19, 1993, while the motion to consolidate and/or change venue was still pending in Bergen County, Rosenberg filed a motion in Essex County which sought: (1) consolidation of the contract action with the matrimonial action; (2) a restraining order prohibiting Rose from further litigating the issue of counsel fees; and (3) a declaration that the issue of counsel fees had been fully adjudicated in the written opinion of the judge of the family part in the matrimonial litigation.
On December 7, 1993, the Bergen County Assignment Judge transferred venue of the Bergen County Law Division contract action to Essex County and directed that the matter be assigned to the same judge who presided over the matrimonial action. See Salch v. Salch, 240 N.J. Super. 441, 443-44, 573 A.2d 520 (App.Div. 1990). The order memorializing that decision specifically excluded Rosenberg's request for consolidation with the matrimonial litigation. Upon receipt of the Law Division pleadings, an appropriate *63 Essex County Law Division docket number was assigned. On February 2, 1994, Rose requested the assigned Essex County judge to schedule a hearing on the Law Division complaint.
On May 24, 1994, without affording a hearing, the judge assigned in Essex County rendered a written opinion declaring that Rosenberg was not responsible for any additional counsel fees as claimed by Rose and further determining that Rose had in fact been overpaid in the amount of $5,100. A judgment in favor of Rosenberg on her counterclaim was ordered.[3]
In this appeal, Rose contends that the trial judge erred by summarily concluding that the prior determination of the reasonableness of Rose's fee application as it pertained to Ira Rosenberg was determinative of Rose's contractual claim asserted against his former client. We agree and reverse.
R. 4:42-9(a)(1) provides:

In a family action, the court in its discretion may make an allowance [for attorney's fees] both pendente lite and on final determination to be paid by any party to the action, including if deemed to be just any party successful in the action, on any claim for divorce....
The commentary to this rule states: "Note that this rule was not intended to provide a mechanism whereby an attorney could obtain an allowance of counsel fees as against his own client in a matrimonial action." Pressler, Current N.J. Court Rules, comment 2 on R. 4:42-9(a) (1995) (citing Cohen v. Cohen, 146 N.J. Super. 330, 369 A.2d 970 (App.Div. 1977)).
The rationale of the rule and its interpretation is explained as follows:
As a general rule, counsel fees like costs are awarded to litigants and not to counsel themselves. Process to enforce the award must issue in the name of a party; only a party can appeal from an order granting or denying counsel fees. Presumably counsel, when he accepts employment in a case, makes a satisfactory *64 arrangement with his client for compensation, and to his client he looks for his fee. The purpose of the court in allowing counsel fees is to reimburse or indemnify the party for some of the expense of the litigation. When such an application is made to the court, the question is not whether counsel should be paid but whether his client should be permitted to charge the expense against some other party to the suit or against some fund under the control of the court.
[Eufemio v. McKeown, 10 N.J. Misc. 549, 550, 159 A. 796 (Ch. 1932).]
See also Morrison v. Morrison, 93 N.J. Super. 96, 106, 225 A.2d 19 (Ch.Div. 1966).
In Cohen, we stated, "Indeed, the whole purpose of R. 4:42-9 was to regulate the allowance of counsel fees among parties  not as between litigants and their attorneys." 146 N.J. Super. at 337, 369 A.2d 970. Cohen involved an appeal by a law firm which formerly represented plaintiff wife in a matrimonial action. The firm sought a judgment for its entire bill but credited its former client with all monies paid by the defendant husband pursuant to the judgment of divorce which granted plaintiff a partial allowance on her application for fees, "when and if same are collected." Id. at 332, 369 A.2d 970. We affirmed the trial court's denial of the law firm's application. Id. at 337, 369 A.2d 970.
The trial court in this matter explained in its May 24, 1994 ruling that implicit in an award of counsel fees in a matrimonial action is the conclusion that the services outlined in an attorney's certification of services were necessary and that the fees charged by the attorney were reasonable. However, the trial court noted that in reviewing Rose's certification of services in the matrimonial litigation, it had concluded that "[t]he legal fees set forth by plaintiff's attorney were not reasonable and were in fact found to be excessive and unreasonable for a matrimonial case of such limited assets and of such uncomplicated nature."
This observation by the trial court is consistent with N.J.S.A. 2A:34-23 which provides:
The court may order one party to pay a retainer on behalf of the other for expert and legal services when the respective financial circumstances of the parties make the award reasonable and just. In considering an application, the court shall review the financial capacity of each party to conduct the litigation and the criteria for award of counsel fees that are then pertinent as set forth by court rule. *65 Whenever any other application is made to a court which includes an application for pendente lite or final award of counsel fees, the court shall determine the appropriate award for counsel fees, if any, at the same time that a decision is rendered on the other issue then before the court and shall consider the factors set forth in the court rule on counsel fees, the financial circumstances of the parties, and the good or bad faith of either party.
A court should consider need, financial ability to pay, and the recipient's good faith when awarding attorney's fees. Williams v. Williams, 59 N.J. 229, 233, 281 A.2d 273 (1971). The judge must also determine the extent of the award. Argila v. Argila, 256 N.J. Super. 484, 490, 607 A.2d 675 (App.Div. 1992). In making that determination, "it is necessarily implicit that there may be allowed only such fees as represent reasonable compensation for such legal services performed as were reasonably necessary in the prosecution or defense of the litigation." Ibid. (quoting Mayer v. Mayer, 180 N.J. Super. 164, 434 A.2d 614 (App.Div.), certif. denied, 88 N.J. 494, 443 A.2d 709 (1981)). In Mayer, we wrote:
The fee should not be fixed by simply taking the total time assertedly expended by counsel, without critical review and examination of the nature and extent of the services, and multiplying the total number of hours by the charges fixed in a retainer agreement made between the wife and her attorney  to which charges the husband never consented or agreed.
[180 N.J. Super. at 169, 434 A.2d 614.]
"In determining the reasonableness of any fee award, `[t]he initial focus in the calculus is appropriately directed to the time expended in pursuing the litigation.'" Argila, 256 N.J. Super. at 492, 607 A.2d 675 (quoting Singer v. State, 95 N.J. 487, 499, 472 A.2d 138, cert. denied, 469 U.S. 832, 105 S.Ct. 121, 83 L.Ed.2d 64 (1984)). But the time expended is only one of the factors to be considered. Ibid. R. 4:42-9(b) provides that "all applications for the allowance of fees shall be supported by an affidavit of services addressing the factors enumerated by RPC 1.5(a)." Those factors are:
(1) the time and labor required, the novelty and difficulty of the questions involved, and the skill requisite to perform the legal service properly;
(2) the likelihood, if apparent to the client, that the acceptance of the particular employment will preclude other employment by the lawyer;

*66 (3) the fee customarily charged in the locality for similar legal services;
(4) the amount involved and the results obtained;
(5) the time limitations imposed by the client or by the circumstances;
(6) the nature and length of the professional relationship with the client;
(7) the experience, reputation, and ability of the lawyer of lawyers performing the services;
(8) whether the fee is fixed or contingent.
[R.P.C. 1.5(a).]
However, the trial judge then concluded:
The court ruled on March 19, 1993 that under all the circumstances a reasonable counsel fee to be charged the plaintiff by the firm of Rose & DeFuccio, rather than the charges set forth in their certification, was $60,000.00, including costs, of which defendant was to pay $54,000.00 with the balance of $6,000.00 to be paid by the plaintiff. Defendant Ira Rosenberg has paid his share of the court determined reasonable fees. Plaintiff Nina Rosenberg has paid more than her said share. The issue of counsel fees in this matter has been adjudicated and is therefore moot.
The trial judge cited Argila in support of his decision. Argila involved an appeal by a defendant husband from a trial court decision directing him to pay $55,250 as counsel fees. Plaintiff wife's counsel had filed a certification of services requesting $121.378.56 in counsel fees and an additional $10,819.65 in expert appraisal fees. Argila, 256 N.J. Super. at 487, 607 A.2d 675. Thereafter by additional certification the fee requests were increased, for a total of $149,183.14. Id. at 488, 607 A.2d 675. The trial judge determined:
After an in-depth and extensive review of the certifications supplied, it is apparent to this court that plaintiff's charge of more than $149,000.00 is not a reasonable amount.
Due, in part, to the number of conference, the large number of personnel involved in this matter and the apparent overuse of certain staff members this court finds the plaintiff's counsel fee request to be inflated. Therefore, this court sets plaintiff's counsel fees at $85,000.00.
....
In conclusion, this court directs the defendant to share in the plaintiff's counsel fees in the amount of $55.250.00 which represents a sixty-five percent (65%) share of the total $85,000.00 set by this court.
[Id. at 488-89, 607 A.2d 675.]
Both parties in Argila appealed the trial court ruling on counsel fees. We affirmed both aspects of the trial court's determination. Id. at 490, 607 A.2d 675. In reviewing Argila, we note that the *67 trial judge did not conclude that his determination on the reasonableness of plaintiff's counsel's certification would be binding upon plaintiff's counsel in litigation seeking to recover the balance of the fees and expert fees presumably billed to plaintiff. On appeal, we were not requested to address that issue.
Clearly, when an attorney for a plaintiff appears before the Family Part with a certification of fees he does so on behalf of plaintiff who will benefit from any award of fees directed against defendant. At that juncture of the matrimonial proceeding a plaintiff is not routinely requested to offer an opinion as to whether the requested fee is merited. Although the trial court may ultimately consider some aspect of counsel's certification as unreasonable as to a defendant, that same fee request may be totally reasonable when measured against the terms of the retainer agreement between counsel and the client.
This disparity of focus is best illustrated in one aspect of the trial judge's decision. On the first day of the divorce trial, Rose[4] appeared as trial counsel and was accompanied by an associate in counsel's firm who had performed many services for plaintiff during the pretrial discovery proceedings, including one court appearance on a contested motion. The trial judge advised Rose that he would not require defendant to pay for a second attorney to appear at the trial on plaintiff's behalf. Rose has certified that plaintiff specifically requested that the associate continue to appear with Rose during the entire trial. We may conclude based upon our discussion in Argila, that the trial court was entitled to deduct from counsel's certification of services all charges attributable to the associate's services at trial when considering an award of counsel fees payable by defendant husband. However, the trial judge's ruling as to the reasonableness of Rose's certification of services rendered would not have been binding upon Rose, even if the contract action had been consolidated *68 with the matrimonial action, without affording Rose an opportunity to establish that those fees were otherwise reasonable and necessary within the parameters of his retainer agreement with his own client. The summary disposition of the contract action deprived Rose of the opportunity to be heard and of his right to cross-examine his former client as to the attorney-client relationship during the pendency of the matrimonial litigation.
As noted, the trial judge rendered his written opinion on May 24, 1994, after receiving Rosenberg's motion that sought, in part, an order "declaring that the issue of counsel fees had been fully adjudicated in the written opinion of the judge in the family part in the matrimonial litigation." Rosenberg filed a certification in support of her motion quoting the matrimonial judge's decision as to the unreasonableness of Rose's certification of services. In response, Rose filed a certification detailing the numerous conversations that had transpired between himself and Rosenberg respecting Rosenberg's responsibility for fees incurred which might not be paid by court order by her then husband. That certification specifically referenced Rose's conversation with Rosenberg following the first day of trial, in which Rosenberg allegedly insisted that Rose continue to utilize the services of the firm's associate during the remainder of the trial. Clearly the certification of Rose raised a material issue of fact respecting the nature of the retainer agreement that had been negotiated between Rose and Rosenberg.
Although defendant had not filed a motion for summary judgment, her request for a declaratory judgment sought summary relief. We are mindful of the recent decision of the Supreme Court in Brill v. The Guardian Life Ins. Co. of America, 142 N.J. 520, 666 A.2d 146 (1995) that:
when deciding a motion for summary judgment under Rule 4:46-2, the determination whether there exists a genuine issue with respect to a material fact challenged requires the motion judge to consider whether competent evidential materials presented, when viewed in the light most favorable to the non-moving party in consideration of the applicable evidentiary standard, are sufficient to permit a rational factfinder to resolve the alleged disputed issue in favor of the non-moving *69 party. This assessment of the evidence is to be conducted in the same manner as that required under Rule 4:37-2(b).
[142 N.J. at 523, 666 A.2d 146.]
Rosenberg did not file a response to Rose's certification filed in opposition to Rosenberg's motion. The trial judge was obviously aware that Rose's certification of services presented in the Family Part had been presented at a time when Rose represented Rosenberg. Rosenberg was not asked in the Family Part whether she considered her counsel's certification as reasonable or unreasonable. Similarly, Rose was not asked to justify each aspect of the certification of the services which had been rendered at the request of Rosenberg or with her silent assent. Clearly the trial judge erred by concluding in his letter opinion of May 24, 1994, that: "The issue of counsel fees in this matter has been adjudicated and is therefore moot." Although there may have been an adjudication as to the responsibility of Ira Rosenberg for a portion of Rose's legal fees and costs, there clearly was no adjudication of Nina Rosenberg's responsibility to fulfill her contractual obligation encompassed within the fee agreement with her former counsel.
A lawyer's fee must be reasonable. See RPC 1.5(a). Whether fees are reasonable is subject to judicial review. See Cohen v. Radio-Electronics Officers Union, 275 N.J. Super. 241, 251-52, 645 A.2d 1248 (App.Div. 1994). Although transactions between an attorney and the attorney's client are subject to close judicial scrutiny, id. at 251, 645 A.2d 1248, the relationship between attorney and client is "highly fiduciary on the part of counsel." See id. at 254, 645 A.2d 1248 (citing Dwyer v. Jung, 133 N.J. Super. 343, 347, 336 A.2d 498 (Ch. Div.), aff'd, 137 N.J. Super. 135, 348 A.2d 208 (App.Div. 1975)). The nature and extent of that fiduciary relationship was not an issue appropriate for summary disposition. See Brill, 142 N.J. at 523, 666 A.2d 146.
The order dismissing plaintiff's complaint and awarding defendant judgment on her counterclaim is reversed and the entire controversy is remanded to the Law Division for further proceedings consistent with this opinion.
NOTES
[1] Arthur Rose, Esq. appeared as trial counsel for defendant Nina Rosenberg. We shall use the name "Rose" as a reference to plaintiff law firm "Rose & DeFuccio" and with reference, where appropriate, to that firm's partner, Arthur Rose.
[2] Rosenberg's motion was entitled "Motion to Consolidate and/or Change Venue."
[3] Rose perceived that the trial court had misstated facts in his written opinion. Rose informed the trial court of the alleged error. The trial judge reaffirmed his May 24, 1994 opinion in a subsequent letter opinion dated June 8, 1994. The opinions of the trial judge were memorialized in an order dated August 8, 1994.
[4] Reference to "Rose" hereafter is a reference to Arthur Rose, Esq., on behalf of "Rose & DeFuccio, Esqs."