770 A.2d 1252

LEILA LORE LEAVENGOOD, PLAINTIFF–RESPONDENT, v.
JOHN M. LEAVENGOOD, DEFENDANT–APPELLANT.

Superior Court of New Jersey
Appellate Division

Argued February 6, 2001—Decided April 6, 2001.

Before Judges STERN, COLLESTER [1] and FALL.

*Paul R. Melletz* argued the cause for appellant.

*Charles G. Resnick*, pro se, argued on his own behalf.[2]

Respondent did not file a brief.

The opinion of the court was delivered by

FALL, J.A.D.

In a prior appeal in this post-judgment matrimonial matter, in an unpublished opinion, we concluded the Family Part lacked jurisdiction to consider the application of plaintiff, Leila Lore

---

[1] Judge Collester did not participate in oral argument, but has been added to the panel considering this appeal with the consent of counsel.

[2] The relief sought by defendant in the trial court, and this court, is, alternatively, against plaintiff or Charles G. Resnick, plaintiff's former counsel.

Leavengood, seeking an increase in child support from Defendant, John M. Leavengood. *Leavengood v. Leavengood,* A 5637–96T1 (July 22, 1998). Defendant now appeals from an order entered on January 21, 2000, denying his motion for repayment of counsel fees he paid to Charles Resnick, Esq., counsel for plaintiff, in accordance with the order of the Family Part, entered on May 8, 1997, that we reversed in our July 22, 1998 opinion. This case has a lengthy and unusual history in the State of Florida and in New Jersey that is relevant to resolution of the issues on this appeal.

The parties were married in the State of Florida on June 26, 1978. One child, John M. Leavengood, Jr., was born of the marriage, on January 28, 1981. The parties separated in late 1982. On May 23, 1983, the parties were divorced in the Florida courts, after entering into a property settlement agreement. Under the terms of an amended final judgment entered on May 31, 1983, incorporating the terms of that agreement, custody of the child was vested with plaintiff and defendant was required to pay $200 each week in child support until the child reached age eighteen.

In August 1984, plaintiff and the child moved to New Jersey. Defendant has continuously resided in the State of Florida. Defendant's child support obligation was increased by the Florida court to $300 per week, as of June 17, 1985. In 1990, plaintiff filed an application with the Florida court seeking an increase in child support; that application was denied.[3]

On March 12, 1996, plaintiff and Charles G. Resnick Esq., entered into an agreement to provide legal services, under which plaintiff retained Resnick to represent her in instituting a New Jersey action seeking to establish jurisdiction in New Jersey on issues of child support and related matters. Resnick undertook representation of plaintiff without a retainer, and plaintiff agreed

---

[3] Copies of the 1990 Florida proceedings are not contained in this record. This portion of the procedural history is taken from defendant's October 2, 1996 certification filed with the Family Part.

to pay the sum of $50 each month, commencing April 15, 1996, toward payment for legal services rendered by Resnick, which were to be charged at an hourly rate of $150. The agreement recognized that it was possible that defendant may be required to pay for some or all of the legal costs incurred by plaintiff, and it was agreed that Resnick reduce the amount of fees owed to him by plaintiff by any amounts of plaintiff's counsel fees that defendant was ordered to pay.

On August 5, 1996, Resnick filed a complaint against defendant on plaintiff's behalf in the Superior Court of New Jersey, Family Part, Camden County, seeking an order establishing jurisdiction of the New Jersey courts over child support issues. Specifically, plaintiff sought an increase in child support, payment of college costs, and related relief, including payment of counsel fees.

Defendant filed a motion in the Family Part, contesting jurisdiction and seeking dismissal of the complaint. Defendant also sought an award of counsel fees, contending plaintiff's action was frivolous. Plaintiff cross-moved, seeking registration of the Florida divorce judgment and orders in New Jersey.

On November 15, 1996, the Family Part entered an order, denying defendant's motion and granting plaintiff's cross-motion for registration of the Florida orders in New Jersey. On or about November 19, 1996, plaintiff filed a motion seeking an increase in child support; maintenance of health-care coverage for the child; payment of the costs of the child's activities; maintenance of life insurance on defendant's life, naming the child as beneficiary; payment of future college costs of the child; and an award of counsel fees.

Defendant sought a stay from the trial court of the November 15, 1996 order, pending a ruling on his application to us for leave to appeal. By order entered on December 19, 1996, the Family Part denied defendant's application for a stay. On January 2, 1997, we entered an order granting a temporary stay pending consideration of defendant's application for leave to appeal on its merits. On January 9, 1997, we dissolved the stay and entered an

order denying defendant's motion for leave to appeal. By order entered on January 22, 1997, we also denied defendant's application for a stay pending his application to the Supreme Court for leave to appeal, but stated that "[a]ny opposition on the merits by defendant [in the Family Part] will be without prejudice to his jurisdictional challenge."

On May 8, 1997, the Family Part entered an order increasing defendant's child support obligation to $450 each week and granted the other relief sought by plaintiff in her complaint. The motion judge issued a letter opinion, also dated May 8, 1997, analyzing the request of plaintiff for an award of counsel fees, and requiring that defendant "shall pay to Mrs. Leavengood on behalf of counsel fees and costs as allowed, $11,764." The May 8, 1997 order required defendant to pay the $11,764 counsel fee, in the following manner:

> [T]o Plaintiff's attorney, Charles G. Resnick, Esq., together [with] costs for this Motion of $15, all of which shall be payable by Defendant directly to Charles G. Resnick, Esq. at the rate of $500.00 per month commencing immediately.

In a letter dated May 29, 1997, counsel for defendant corresponded to Mr. Resnick, expressing the concern of his client that if he complied with the May 8, 1997 order concerning the payment of counsel fees, and the order was reversed, would "he get back from you the attorney fees that he would have paid." Mr. Resnick replied to defendant's counsel by letter dated June 3, 1997, stating, "[i]n answer to your question, in the unlikely event an Order comes back that requires me to refund this money, I think you know me well enough to know that I will stand good for whatever I am ordered to do."

Defendant filed a notice of appeal from the May 8, 1997 order on June 11, 1997, contesting the Family Part's jurisdiction. On or about June 23, 1997, plaintiff filed a cross-appeal, seeking a further increase in child support and counsel fees. In an unpublished opinion, we reversed the May 8, 1997 order on the ground that the Family Part lacked subject-matter jurisdiction, and dismissed the cross appeal. *Leavengood v. Leavengood,* A-5637–

96T1 (July 22, 1998). On September 8, 1998, we entered an order denying plaintiff's application for counsel fees on the appeal.

On or about November 9, 1998, plaintiff filed an application with the Florida court seeking an emergency hearing concerning child support, contending defendant had wrongfully ceased paying on his child support obligation.

On November 12, 1998, defendant filed a motion with this court, seeking a supplemental order directing repayment of $7,500 in counsel fees he had paid to Mr. Resnick on account pursuant to the May 8, 1997 order of the Family Part.

On November 20, 1998, the Florida court notified the parties it would be conducting a hearing concerning plaintiff's request for emergency relief on December 17, 1998.

On December 8, 1998, we entered an order remanding the matter to the Family Part "for the purpose of vacating the counsel fee award and ordering repayment of $7,500 to defendant."

On or about December 11, 1998, defendant filed a "COUNTER-PETITION FOR MONEY JUDGMENT" in the Florida court, stating that he had overpaid his child support obligation because he had complied with the provisions of the now-reversed May 8, 1997 order of the Family Part. Defendant also contended he had paid $7,500 in counsel fees pursuant to the May 8, 1997 New Jersey order. In his Florida "counterpetition," defendant sought a judgment against plaintiff in the amount of $25,412, which specifically included the $7,500 in counsel fees he had paid to Resnick in accordance with the May 8, 1997 order.

On or about December 15, 1998, plaintiff filed a motion in the Florida court, seeking an order compelling defendant to pay child support arrears she contended were due and owing.

In an order entered on December 22, 1998, the Florida court made, *inter alia*, the following findings:

D.  That $300 per week times 52 weeks equals an annual obligation of support pursuant to the Florida Order in the amount of $15,600.00. That for 1996, 1997

and 1998, a total of $46,800.00 was due and owing pursuant to the Florida Order.

E. That by the [plaintiff's] own testimony the [defendant] paid in 1996, 1997 and 1998 a total amount of support of $53,250.00. That $53,250.00 minus $46,800.00 equals $6,450.00 which the Respondent has paid in excess of his Florida Court ordered support.

The December 22, 1998 Florida order denied plaintiff's emergent application and stated, "[t]his Court reserves jurisdiction over the parties and the subject matter to enter any further orders deemed necessary."

On or about January 13, 1999, defendant moved in the Florida court, seeking an order dismissing plaintiff's petition. Plaintiff filed opposition.

On February 8, 1999, pursuant to a settlement agreement, the Florida court entered an order dismissing plaintiff's petition and defendant's counterpetition since "both parties represent[ed] in open Court, under oath, that each wishes to voluntarily dismiss their actions against the other with full prejudice[.]"

On or about February 24, 1999, the child moved to Florida, where he took up residence with defendant, and attended high school in Florida.

As a result of our December 8, 1998 order, defendant filed a motion in the Family Part on March 15, 1999, seeking an order compelling Resnick to reimburse defendant the $7,500 in counsel fees paid.

On the May 7, 1999 return date of the motion, counsel for defendant, Resnick, and plaintiff, *pro se,* appeared. The record of that hearing reflects Resnick was no longer representing plaintiff, since plaintiff had filed suit against him arising out of his representation of her. Resnick explained to the motion judge that his bill to plaintiff was "probably over $22,000" for the services he performed on her behalf, and that "[s]he's paying me at the rate of $50 a month. Her balance right now is $12,150, after credit for that $7,500, and I will acknowledge that she has been paying me every month as she has promised." After listening to counsel and

plaintiff, the judge adjourned the matter to allow plaintiff and Resnick the opportunity to file additional certifications with the court.

On May 28, 1999, plaintiff filed a certification, contending she relied upon the advice of Resnick in pursuing the issue of child support in the New Jersey courts and she outlined various disputes she and Resnick had. Plaintiff also contended she had insufficient funds to pay the monies requested.

Thereafter, Resnick filed a certification with the court dated June 3, 1999, disputing several of plaintiff's contentions, and attaching correspondence to plaintiff to support his contention that plaintiff was aware the New Jersey courts might not find jurisdiction to consider her requests. Our review of the correspondence indicates plaintiff and Resnick had significant lawyer-client problems and differences almost from the inception of their relationship.

On August 3, 1999, plaintiff filed a second certification with the trial court, contending defendant should have pursued the return of the $7,500 in the Florida courts, relying on the February 8, 1999 voluntary dismissal, with prejudice, of defendant's counterpetition.

On August 27, 1999, the trial court heard additional argument on defendant's motion. During argument, the motion judge posed the following question to defendant's attorney:

> This is my thinking. Doctor Leavengood made an application for a sum of money, an application for the payment of a sum of money which included four things, one of them being $7500, give me back the 7500 that I paid. The order of February 9 ..., says that his ... Counter Petition for Money Judgment shall accordingly be ... dismissed with full prejudice. Doesn't that dismiss the $7500 claim? And if not, show me how not or where not.

Defendant's attorney contended the dismissal was only intended to affect the applications for child support and arrears. Plaintiff maintained that the dismissal of both the petition and the counterpetition encompassed their agreement for dismissal of defendant's claim for return of the $7,500. After considering additional argument, the motion judge stated:

Okay, let me tell you what I'm thinking. It's my opinion that the $7500 was part of the Counter Petition for the Money Judgment. There's no question it's included within the breakdown of it. And in the order that was entered by Judge Fleming it says that both of the parties dismissed it. I'm inclined at this point to dismiss the motion and not order the $7500 to be paid. The [New Jersey] Appellate Court remanded it to us for the purposes of vacating the counsel fee award and ordering the repayment. Now I note that this was signed by the Court on December 8. The parties by their appearance in the [Florida] court that had jurisdiction that included that sum, the parties agreed to a dismissal and that's in accordance with the order dismissing all actions with prejudice[.] ... That's my ... tentative order.

I will call [the Florida judge] and confirm all of that and assuming that all of what [plaintiff] has said to us is what occurred, that will be the order of the Court.

On January 5, 2000, the motion judge issued a short letter opinion, stating:

After review of all argument of counsel, certifications and for good cause shown, this Court is satisfied that all issues in the within matter were dismissed in the Florida Court including the issue of the counsel fee in question pending in this Court. Accordingly, I will ask Mr. Resnick to prepare an appropriate order and submit same under the Five Day Rule.

On January 21, 2000, the motion judge executed an order denying defendant's application.

The record supplied fails to reflect whether the motion judge contacted the Florida judge who executed the February 8, 1999 order. At the August 27, 1999 hearing, defendant's counsel indicated he would contact the Florida court and submit any additional relevant information; however, the record supplied contains nothing filed subsequent to the August 27, 1999 hearing. At argument, we were advised that no record of the Florida court proceedings was available.

On the face of the agreement between the parties, referenced by the February 3, 1999 Florida order, defendant withdrew, with prejudice, his claim for return of the $7,500 counsel fee. It was therefore defendant's burden to demonstrate that he did not withdraw, with prejudice, his claim for reimbursement of the $7,500 fee. Defendant did not satisfy that burden. Accordingly, the January 21, 2000 order denying defendant's application for repayment of counsel fees he paid to Resnick was properly entered.

■ We also note that even if, upon our reversal of the May 8, 1997 order, defendant was entitled to a return of the $7,500 in counsel fees he paid on plaintiff's behalf to Resnick, it would be plaintiff, not Resnick, who would be responsible for re-paying same. Clearly, the award of counsel fees, made pursuant to *R.* 4:42–9(a),[4] was a recognition, for the reasons expressed in the judge's May 8, 1997 letter opinion, of defendant's obligation to pay a portion of the counsel fees that were due and owing by plaintiff to Resnick. The May 8, 1997 order required defendant to fulfill a portion of plaintiff's fee obligation to Resnick. The $7,500 was credited by Resnick against plaintiff's obligation.

The fact that the order required defendant to pay those sums, on plaintiff's behalf, directly to Resnick did not create, upon reversal of the May 8, 1997 order, an obligation on Resnick's behalf to refund those monies to defendant. Here, common sense informs us that defendant was directed to pay the ordered sum to Resnick because plaintiff had incurred a significant obligation to Resnick for the legal services he had rendered. We also perceive this to be a common and accepted practice.

■ Defendant was, by judicial directive, satisfying a portion of plaintiff's obligation to Resnick. Once the predicate order was reversed, defendant's remedy for return of those sums paid was against plaintiff, not Resnick. Resnick did not provide legal services to defendant-he provided them to plaintiff. *See Rosenberg v. Rosenberg,* 286 *N.J.Super.* 58, 63–64, 668 *A.*2d 84 (App.Div. 1995) (noting that the purpose of the court in allowing counsel fees in a family action is to reimburse a party for some of the expenses of the litigation). It was plaintiff's obligation to Resnick that defendant was partially fulfilling; accordingly, he was required to look to plaintiff for re-payment. Simply put, generally, when counsel fees are paid by a party directly to the adverse party's attorney, as required by court order, that attorney is not required

---

[4] *R.* 4:49–9(a) was replaced by *R.* 5:3–5(c), effective April 5, 1999.

to reimburse those funds to the payor if the order is later reversed on appeal.

Affirmed.