**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO.  A-0398-19T3

NANCY BYRNE,

    Plaintiff-Appellant,

v.

JOHN L. BYRNE,

    Defendant-Respondent.

_____

Submitted October 15, 2020 – Decided   November 12, 2020

Before Judges Sumners and Geiger.

On appeal from the Superior Court of New Jersey, Chancery Division, Family Part, Bergen County, Docket No. FM-02-0901-16.

Hegge & Confusione, LLC, attorneys for appellant (Michael Confusione, of counsel and on the brief)

Meyerson, Fox, Mancinelli & Conte, PA, attorneys for respondent (Anne M. Fox and Lynda Picinic, on the brief).

PER CURIAM

Plaintiff Nancy Byrne n/k/a Nancy Houlihan appeals from a September 25, 2019 Family Part order denying her motion to reopen the November 3, 2016 final judgment of divorce (FJOD) and granting defendant John L. Byrne's cross-motion for an award of counsel fees and costs in the amount of $6807.50, without conducting a plenary hearing.[1] We find no merit in her arguments and affirm.

We discern the following facts from the record. The parties were married on March 9, 1991. Plaintiff filed this divorce action and defendant filed a counterclaim. On November 3, 2016, the trial court entered a dual FJOD that incorporated the parties' Marital Settlement Agreement (MSA). The MSA consisted of the following five agreements: (1) a Custody and Parenting Time Agreement; (2) an August 16, 2016 Agreement; (3) a November 2, 2016 Agreement; (4) a November 3, 2016 Agreement; and (5) a Division of Personal Property and Furnishings Agreement. At the divorce hearing, plaintiff acknowledged that she entered into the MSA voluntarily and was not under duress at the time.

---

[1] The order also denied plaintiff's request to require defendant to accompany her to West Point and granted defendant's request to: (1) adjudicate plaintiff in violation of litigant's rights for failing to co-parent in accordance with the terms of the parties' Custody and Parenting Time Agreement; and (2) declare plaintiff solely responsible for the cost of Invisalign for their child. The order denied defendant's request to label plaintiff as a vexatious litigant. Plaintiff does not appeal from those portions of the order.

A-0398-19T3

The August 16, 2016 agreement detailed that defendant bought out plaintiff's interest in the parties' three shore properties for the sum of the $350,000. The parties agreed to the amount of the buy-out after multiple comparative market analyses were prepared on each of the properties. Further, as part of the November 3, 2016 agreement, the parties agreed that all money associated with the shore properties would be forwarded to defendant rather than plaintiff or the parties' marital residence. The November 3, 2016 agreement also specified that the parties agreed to a "[m]utual permanent waiver of alimony," and "no direct child support."

The parties purchased rental properties in 2005, 2009, and 2012. Plaintiff was actively involved in advertising the rental homes. Plaintiff also collected rental income for their three shore properties throughout the parties' marriage—both before the divorce litigation commenced and during the divorce proceedings. Throughout the marriage, plaintiff kept a journal of the tenants' names and the rental income received from them. Plaintiff had collected the rental income for the approximately eleven years leading up to divorce. The parties filed joint tax returns for each of those years through tax year 2015. Although the parties filed separate tax returns in 2016, they exchanged accountings of the rental income throughout the divorce process. Indeed, plaintiff's May 1, 2016 Case Information Statement (CIS) revealed that

she knew the amount of rental income received from their shore properties throughout the marriage.

Since the parties' divorce, plaintiff has continually alleged defendant hid assets and has sought to renegotiate the terms of the MSA. She further claims that defendant misrepresented his rental income since the day the parties divorced. Ibid. Plaintiff raises the same issue in this appeal despite the results of prior motion practice.

Specifically, in May 2017, plaintiff filed a motion that included a claim concerning defendant's rental income. In that motion, plaintiff sought to compel defendant to immediately pay her $32,400, representing plaintiff's alleged share of rental income for the eighteen months prior to the parties' divorce, calculated at the rate of $1800 per month. The rental income issues were resolved by a June 28, 2017 consent order that included the following pertinent provision: "Any and all claims raised by [plaintiff] in her Cross-Motion regarding any credit for shore property rents are hereby waived now and in the future."

On May 14, 2018, plaintiff filed another motion raising the issue of alleged hidden rental income. Plaintiff asked the court to order a forensic accounting of defendant's finances and requested that defendant produce an

4

updated CIS. On August 13, 2018, the court denied the relief sought by plaintiff. Plaintiff did not appeal from that order.

On June 12, 2019, plaintiff filed another motion seeking specific financial documentation from defendant as she alleged the documents would prove defendant was hiding income. Plaintiff sought financial records dating back to 2016 and disclosure of the account that defendant allegedly used to hide the rental income.

On July 31, 2019, while the two prior motions were pending, plaintiff filed yet another motion asking the trial court to reconsider the relief sought in her May 2017 motion where she alleged that defendant hid assets.

On September 25, 2019, the court entered an order denying the relief sought by plaintiff and granted defendant's cross-motion to adjudicate plaintiff in violation of litigant's rights for failing to co-parent and awarded defendant counsel fees and costs of $6,807.50. This appeal focuses on the court's decision denying plaintiff's motion to re-open the final judgment and the award of counsel fees.

During the September 25, 2019 motion hearing, the court found that plaintiff consented to the MSA during the divorce action. After considering the plaintiff's submissions and listening to her arguments, the court concluded that plaintiff did not make a prima facie showing that the MSA is plagued by

unconscionability, fraud, or overreaching in the negotiation of the settlement. The court noted that plaintiff testified at the divorce hearing that she was not under coercion or duress. It also noted that plaintiff was represented by competent counsel during the divorce proceeding and had all avenues of discovery available to her.

The court concluded that plaintiff's motion had no merit. It explained that as part of the divorce action, plaintiff had the right to discovery and could have subpoenaed documentation, taken depositions, and hired a forensic accountant to address the issue of defendant's rental income. The court noted that the parties jointly owned the rental properties and that plaintiff "had the right to inquire about the rents" during the matrimonial litigation but "chose not to do so."

In addition, the court found that as part of the June 28, 2017 consent order, plaintiff waived her right to raise claims in the future regarding defendant's rental income. This appeal followed.

Plaintiff presents the following point for our consideration:

> THE FAMILY JUDGE ERRED IN DENYING WITHOUT A PLENARY HEARING PLAINTIFF'S MOTION TO RE-OPEN THE JUDGMENT OF DIVORCE AND IN GRANTING DEFENDANT'S CROSS-MOTION, WARRANTING REMAND FOR A PLENARY HEARING AND VACATION OF THE ATTORNEY'S FEE AWARD ENTERED BELOW.

Our review of Family Part orders is generally limited. Cesare v. Cesare, 154 N.J. 394, 411, 413 (1998). We "accord particular deference to the Family Part because of its 'special jurisdiction and expertise in family matters.'" Harte v. Hand, 433 N.J. Super. 457, 461 (App. Div. 2013) (quoting Cesare, 154 N.J. at 413). Generally, "findings by the trial court are binding on appeal when supported by adequate, substantial, credible evidence." Cesare, 154 N.J. at 411-12 (citing Rova Farms Resort, Inc. v. Inv'rs Ins. Co. of Am., 65 N.J. 474, 484 (1974)). We will not disturb the trial court's factual findings and legal conclusions unless convinced they are "so manifestly unsupported by or inconsistent with the competent, relevant and reasonably credible evidence as to offend the interests of justice." Ricci v. Ricci, 448 N.J. Super. 546, 564 (App. Div. 2017) (quoting Elrom v. Elrom, 439 N.J. Super. 424, 433 (App. Div. 2015)). Challenges to legal conclusions, as well as a trial court's interpretation of the law, are subject to de novo review. Id. at 565.

We first address the denial of plaintiff's motion to reopen the FJOD and grant discovery without conducting a plenary hearing. Motions to reopen judgments are governed by Rule 4:50-1 and are "addressed to the sound discretion of the trial court, which should be guided by equitable principles in determining whether relief should be granted or denied." Hous. Auth. of Morristown v. Little, 135 N.J. 274, 283 (1994) (citing Hodgson v. Applegate,

31 N.J. 29, 37 (1959); Shammas v. Shammas, 9 N.J. 321, 328 (1952)).  A decision granting or denying relief under Rule 4:50-1 "will be left undisturbed unless it represents a clear abuse of discretion." Ibid. (citations omitted).

Plaintiff contends the motion judge erred in denying her demand for discovery of defendant's tax returns and for a plenary hearing due to existence of a genuine issue of material fact.  Plaintiff claims defendant misrepresented and hid substantial rental income from her during the divorce action.  She contends a plenary hearing was necessary to address substantial rental income defendant earned in 2015 and that production of his 2016 tax returns would disclose inaccuracies in his CIS.

Relief from a judgment due to newly discovered evidence "which by due diligence could not have been discovered in time to move for a new trial under [Rule] 4:49." R. 4:50-1(b).  Relief from a judgment is likewise afforded for "fraud . . . or other misconduct of an adverse party." R. 4:50-1(c). Relief from a judgment is also afforded "for any other reason justifying relief from the operation of the judgment or order." R. 4:50-1(f).

Rule 4:50-1 motions are subject to strict time limitations.  "The motion shall be made within a reasonable time, and for reasons (a), (b) and (c) of [Rule] 4:50-1 not more than one year after the judgment, order or proceeding was entered or taken." R. 4:50-2.  Plaintiff alleges defendant engaged in fraud

by hiding rental income. Accordingly, plaintiff was required to file her motion within one year after the judgment was entered.

The FJOD was entered and filed on November 3, 2016. Plaintiff filed her motion on June 12, 2019, more than thirty-one months after the FJOD was entered. Her motion is clearly time-barred.

This was not plaintiff's first attempt to litigate defendant's rental income. In May 2017, plaintiff cross-moved to obtain her portion of the rental income from defendant. The motion was resolved by a consent order that waived any present or future claim by plaintiff "regarding any credit for shore property rents." This settlement is binding and enforceable.

Moreover, in May 2018, plaintiff filed a second motion that alleged defendant hid assets and income from rental properties and requested financial documentation from him. The court entered an August 13, 2018 order that denied plaintiff's request to compel defendant to provide proof of his income, including rental income. Plaintiff did not appeal that order.

Plaintiff also argues that she is entitled to relief under Rule 4:50-1(f). We disagree. The FJOD was entered in 2016. Plaintiff's current motion was filed in 2019. Plaintiff's prior motion practice demonstrates she did not move for relief "within a reasonable time." She is thereby precluded from relief. R. 4:50-2.

We discern no abuse of discretion. Plaintiff's motion is both time-barred and precluded by the binding settlement she agreed to in 2017. Accordingly, the motion was properly denied without a plenary hearing.

We next address the counsel fees awarded to defendant. Plaintiff primarily argues the counsel fee award should be vacated because the court failed to hold a plenary hearing. We have already rejected her claim that a plenary hearing was needed before deciding her motion.

Plaintiff also argues that the court failed to consider the following Rule 5:3-5(c) factors: "(1) the financial circumstances of the parties; (2) the ability of the parties to pay their own fees or to contribute to the fees of the other party"; "(4) the extent of the fees incurred by both parties; (5) any fees previously awarded"; and "(6) the amount of fees previously paid to counsel by each party." Instead, plaintiff alleges the court only considered factor "(3) the reasonableness and good faith of the positions advanced by the parties both during and prior to trial." We disagree.

Trial courts are authorized to award counsel fees in family actions. N.J.S.A. 2A:34-23; R. 4:42-9(a)(1); R. 5:3-5(c). The award of counsel fees falls within the sound discretion of the trial court. Williams v. Williams, 59 N.J. 229, 233 (1971). Rule 5:3-5(c) enumerates nine factors the court should consider in making an award of counsel fees in a family action.

A-0398-19T3

> In a nutshell, in awarding counsel fees, the court must consider whether the party requesting the fees is in financial need; whether the party against whom the fees are sought has the ability to pay; the good or bad faith of either party in pursuing or defending the action; the nature and extent of the services rendered; and the reasonableness of the fees.
>
> [Mani v. Mani, 183 N.J. 70, 94-95 (2005) (emphasis in original) (citations omitted).]

A trial judge's failure to consider the appropriate factors, make the required findings, and state its conclusions of law constitutes a clear abuse of discretion. Saffos v. Avaya Inc., 419 N.J. Super. 244, 270-71 (App. Div. 2011); R. 1:7-4(a).

"A lawyer's fee must be reasonable." Giarusso v. Giarusso, 455 N.J. Super. 42, 50 (App. Div. 2018) (quoting Rosenberg v. Rosenberg, 286 N.J. Super. 58, 69 (App. Div. 1995)). Determining the reasonableness of the fee involves determining the number of hours reasonably expended multiplied by a reasonable hourly rate. Id. at 51 (citing Rendine v. Pantzer, 141 N.J. 292, 334-35 (1995)). The factors to be considered include "the time and labor required," and "the results obtained." Ibid. (citing RPC 1.5(a)(1), (4), and (8)).

We apply a deferential standard of review. An appellate court will not disturb a counsel fee award in a matrimonial case except "on the 'rarest occasion,' and then only because of clear abuse of discretion." Strahan v.

Strahan, 402 N.J. Super. 298, 317 (App. Div. 2008) (quoting Rendine, 141 N.J. at 317).

Plaintiff does not challenge the lodestar set by the motion court. She does not claim that any of the services rendered by defendant's counsel were unnecessary or unproductive, or that the time expended in rendering those services was excessive. Nor does she claim that the hourly rates billed by defendant's attorneys was excessive when compared to the rates charged by other attorneys in Bergen County with comparable experience.

The motion court found that plaintiff's motion did not advance a "good faith position" and awarded defendant counsel fees and costs of $6807.50, an amount the court found reasonable under the circumstances to oppose plaintiff's motion and prosecute defendant's cross-motion. In reaching that conclusion, the court found the hourly rates of $400 charged by Ms. Fox and $325 charged by Ms. Picinic were "fair and reasonable" based upon their respective experience and expertise. It noted Ms. Fox is a partner in the firm and had over fifteen years of experience as a litigator. Both attorneys clerked for a judge, had substantial experience, and devoted their practice almost exclusively to family law.

The court considered the financial circumstances of the parties. It found that plaintiff worked for the New York City Department of Education as a

teacher and earned an annual income of $129,000. In addition, plaintiff owned five income-producing properties that yielded $50,000 in rental income for the period set forth in plaintiff's CIS. Defendant is employed by the New York City Board of Education as an administrator. He earned an annual income of $150,000.

Next, the court examined the ability of the parties to pay their own fees or to contribute to the fees of the other party. It found that both parties have the ability to contribute to their own fees and to the fees of the other party.

The court then looked to the reasonableness and good faith of the positions advanced by the parties. All of the relief sought by plaintiff was denied. The court found plaintiff did not advance a reasonable, good faith position. Her motion had no merit and amounted to badgering. Defendant incurred substantial legal fees, much of which was "necessitated by the actions of the plaintiff." The court found that defendant had no choice but to defend the motion and be represented by counsel. The court concluded it could not "continue to allow the legal system to be used for purposes of harassing behavior, and that's really all [it] saw here today . . . a course of conduct to create confusion and upset and alarm."

On counsel fee applications, the court shall consider "the good or bad faith of either party." N.J.S.A. 2A:34-23. The statute "in unmistakable terms

authorizes a trial court to take into consideration the good or bad faith of the party against whom counsel fees are sought to be assessed." Kothari v. Kothari, 255 N.J. Super. 500, 513 (App. Div. 1992). The motion court properly considered plaintiff's bad faith and the resulting financial impact suffered by defendant.

As to the extent of the attorney's fees incurred by plaintiff, see R. 5:3-5(c)(4), she incurred none related to the motion. Plaintiff prepared the motion herself and appeared pro se.

As to the extent of fees previously awarded, see R. 5:3-5(c)(5), the court had not previously awarded counsel fees to either party either pendente lite or relating to the prior post-judgment motion practice. The MSA provided that each party would pay their own counsel fees.

While the court did not specifically address the amount of fees previously paid to counsel by each party, see R. 5:3-5(c)(6), the record does not reflect the amount plaintiff paid in counsel fees. Plaintiff can hardly argue the motion court failed to consider that information if she did not provide it to the court. Defendant, on the other hand, represented that he had paid more than $178,000 in counsel fees.

Finally, as to the degree to which the fees were incurred to enforce existing orders, R. 5:3-5(c)(8), the counsel fees incurred by defendant related in large part to enforcing prior orders, including the 2017 consent order.

The motion court considered the Rule 5:3-5(c) factors, made sufficient findings of fact, and stated its conclusions of law, which were fully supported by the record. We discern no abuse of discretion.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-0398-19T3